Dear Representative Flavin:
This office is in receipt of your request for an opinion of the Attorney General regarding whether the Department of Wildlife and Fisheries has the legal authority to administratively decide that non-public issuing agents receive a fifty cent commission for each license purchase transaction rather than fifty cents of each license fee. Prior to the passage of Act 164 of the 1998 First Extraordinary Session of the Louisiana Legislature, non-public issuing agents received fifty cents of each license fee they received from the sale of hunting and fishing licenses.
Act 164 changed the law regarding the sale of hunting and fishing licenses in several respects. La. R.S. 56:6(21) was amended to include that the Wildlife and Fisheries Commission was authorized to designate and consign to special licensing agents "the issuance of [fishing, hunting, and trapping licenses and permits] and the collection of fees therefore." Additionally, this Section was amended to allow the Secretary of the Department of Wildlife and Fisheries to enter into agreements with special licensing agents "which agreements would permit the retention by the agent of a portion of the license fee proceeds collected either on a percentage basis or a per transaction basis." Additionally, Act 164 enacted R.S. 56:641.1, which provides that the Secretary of the Department has the authority to provide for the issuance of hunting and recreational fishing license through an electronic issuance system. This Section provides, in pertinent part:
 B. Notwithstanding any other provision of law to the contrary, the secretary shall promulgate rules and regulations to implement an automated license issuance system which includes but is not limited to the following nonexclusive authorization: to enter into contracts for the provisions of licensing services; to provide for regulations, qualification criteria, and compensation of licensing agents; to provide for the funding or an automated license issuance system and related services including license agent commissions; to provide for criteria to accept or reject applicants or suspend a licensee; to provide for effective license numbers; to provide that a license may become effective immediately upon issuance of an effective license number; to provide for special lottery-type issues; and to enter into agreements for any manner of license issuance, distribution, and compensation therefor, including contingency fee contracts.
(underlining added)
Prior to passage of Act 164, R.S. 56:103, 56:105 and 56:302.5
provided that "[a]ny non-public authorized issuing agent . . . shall retain fifty cents of the fee collected from the sale ofeach license issued by him as his full compensation for his services in issuing such license." (Underlining added). These Sections were not amended by Act 164.
If a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation or search for intent of the legislature. New Orleans Rosenbush Claims Service, Inc. v. Cityof New Orleans, 653 So.2d 538 (La. 1995), La. Associated GeneralContractors, Inc. v. State, through Division of Administration,Office of State Purchasing, 669 So.2d 1185 (La. 1996). Further, when two statutes deal with the same subject matter, they should first be harmonized, if possible. Morris v. East Baton RougeParish School Board, 653 So.2d 4(La.App. 1 Cir. 1995). Finally, repeal of legislation by implication is not favored. Courts should give affect to all parts of a statute and not adopt a construction making any part superfluous or meaningless, if that result can be avoided. First National Bank of Boston v. BeckwithMachinery Company, 650 So.2d 1148 (La. 1995), Alliance forAffordable Energy v. Council of the City of New Orleans,677 So.2d 424 (La. 1996).
Act 164 authorizes the Department of Wildlife and Fisheries to enter into agreements with license issuing agents. These agreements can provide for compensation on a per transaction basis. R.S. 56:103(F), 56:105(C), and 56:302.5(B) all provide that the license issuing agent "shall retain fifty cents of the fee collected from the sale of each license issued by him. . . ."
It is our understanding that under the proposed electronic licensing system, a person may purchase, in one transaction, one or several licenses. When several licenses are purchased in one transaction, the licensee will receive one document which lists the individual licenses purchased. The licensee will pay one fee, which is the total of all the individual license fees. We believe that the language "fifty cents of the fee collected" pertains to the total fee paid for all licenses purchased during any single transaction. This interpretation provides a reasonable reading of these sections in light of the amendments made to R.S. 56:6(21) and 56:641.1. It allows all parts of the section to be given meaning, and does not result in the implied repeal of any sections of the law.
Therefore, is the opinion of this office that the Department may, pursuant to R.S. 56:6(21) and 641.1, by regulation, provide that issuing agents receive a fifty cent commission for each transaction as opposed to fifty cents per license fee.
We trust the foregoing has been helpful. Should you have any further questions please contact our office.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ FREDERICK C. WHITROCK Assistant Attorney General
RPI/FCW/tp